UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEANETTE ABOUELNOUR,

        Plaintiff,

v.

JO ANNE BARNHART, Commissioner of Social Security Administration,

        Defendant.

CASE NO. C05-0328 JLR

REPORT AND RECOMMENDATION

## **REPORT AND RECOMMENDATION**

Plaintiff Jeanette Abouelnour appeals to the District Court from a final decision of the Commissioner of the Social Security Administration [the "Commissioner"] denying her application for disability insurance benefits under Title II and Supplemental Security Income disability benefits under Title XVI of the Social Security Act.  For the reasons set forth below, it is recommended that the Court **REVERSE** the Commissioner's decision and **REMAND** for an award of benefits.

I. PROCEDURAL HISTORY

Plaintiff applied for Supplemental Security Income disability benefits in June, 2001, alleging that she has been disabled since November 2, 2000, based upon Post Traumatic Stress Disorder ("PTSD") and depression.  Tr. 60.  Plaintiff's application was denied initially and on reconsideration.  An administrative law judge ("ALJ"), Cheri Filion, conducted a hearing on

March 18, 2003, where Plaintiff testified, after appearing without counsel. Neither a medical expert nor a vocational expert testified. Tr. 394. On July 22, 2003, the ALJ issued a decision finding the Plaintiff not disabled at step four. Tr. 329-330. Plaintiff appealed to the Appeals Council which remanded the case for another hearing and a new decision. Tr 331-334. On January 22, 2004, the Plaintiff appeared and testified at the second hearing, along with C. Richard Johnson, M.D., a psychiatrist, and Anthony Newbauer, a vocational expert. On May 24, 2004, the ALJ denied benefits finding her not disabled at step four. Tr. 26-27. After her subsequent appeal to the Appeals Council was denied on February 11, 2005, the ALJ's decision become final. Tr. 7. Plaintiff then filed her Complaint in this court.

## II. THE PARTIES' POSITIONS

The Commissioner has conceded errors and argues for a sentence six remand proceedings. Dkt. No. 20. The Plaintiff seeks a sentence four remand and thus an award of benefits. Dkt. No. 21.

## III. STANDARD OF REVIEW

This Court may set aside the Commissioner's denial of Social Security disability benefits when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).[1] The Commissioner

---

[1] The claimant bears the burden of proving she is disabled. *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c (a)(3)(A) (1992 & Supp. 2001).
  The Social Security regulations set out a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(b) (2001). First, the claimant must establish that she is not engaging in any substantial gainful activity at the time of application. Next, she must have a severe impairment. At step three, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations. *See id.* § (d). If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work. If she is not able to perform past relevant

has conceded that the ALJ erred. However, in considering a sentence four or sentence six remand , the court must decided when evidence should be credited and an immediate award of benefits directed.[2] The following test applies:

> 1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence; 2) there are no outstanding issues that must be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harmon v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(*citing Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

## IV. SUMMARY OF THE ALJ'S DECISION

Plaintiff was 52 years old at the time of her last ALJ hearing. Tr. 26-27, 311. Her education as a welder and certified nursing assistant are reflected in her past work which included employment as a janitor, packer, selector, iron worker, trimmer, telemarketer, receiver, certified nursing assistant and welder. Tr. 66, 69-76, 405, 456-457.

The ALJ determined that Abouelnour had not engaged in any substantial gainful activity since her alleged disability onset date. Tr. 26, Finding 2. At step two, she found that Abouelnour's severe impairments consisted of back pain post fusion, bi-polar disorder, PTSD and

---

work, the burden shifts to the Commissioner to show that she can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience. *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999). If the claimant is unable to perform other work, then she is found disabled

[2] The Supreme Court has held that the fourth and sixth sentences of 42 U.S.C. § 405(g) set forth the "exclusive methods" for remanding to the Commissioner. *See Shalala v. Schaefer,* 509 U.S. 292, 296 (1993) *(citing Melkonyan v. Sullivan,* 501 U.S. 89, 99-100 (1991)). Remands under the Social Security Act are, therefore, known as either "sentence four" or "sentence six" remands. A sentence four remand constitutes a final judgment by the district court on the merits of the case, thereby relinquishing jurisdiction of the case to the Commissioner. *See Schaefer*, 509 U.S. at 297. In contrast, when a court enters a sentence six remand it does not decide whether the Commissioner's decision is correct and retains jurisdiction pending further administrative proceedings. *See id.*; *Flores v. Shalala*, 49 F.3d 562, 568 (9th Cir. 1995) (quoting Melkonyan, 501 U.S. at 100).

a substance abuse addiction disorder. Tr. 26, Finding 3. At step three the ALJ further found Plaintiff's substance abuse disorder met the Listings, but found with the disorder Plaintiff's impairments did not met or equal any listing of impairment under the federal regulations. Tr. 26, Finding 4. The ALJ determined Plaintiff's Residual Functional Capacity ("RFC") as being able to perform medium level exertional physical work. Tr. 35, Finding 6. At step four, the ALJ found Abouelnour had past work as a janitor, housekeeper and companion and that her past work did not require performance of work-related activities precluded by her RFC. Tr. 26, Finding 7.

## V. DISCUSSION

The Commissioner has conceded that the ALJ erred  The Commissioner, however, argues that the appropriate remedy is to remand to: 1) further evaluate the medical evidence; 2) further develop the record by re-contacting the medical expert to obtain clarification of the testimony given at the hearing; 3) formulate a new RFC based upon the updated evidence; and 4) perform a new step four and if necessary, step five analysis. By contrast, Plaintiff argues that the court should award her benefits. In determining when evidence should be credited and an immediate award of benefits directed, the court applies the following test:

> 1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence;
> 2) there are no outstanding issues that must be resolved before a determination of disability can be made; and 3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harmon v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000)(*citing Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

Plaintiff argues in her reply brief that she has demonstrated that she is disabled based on the existing record relying upon the testimony of Dr. Johnson. Dkt. 21. Dr Johnson, opined that the Plaintiff is disabled by satisfying the Listing 12.04 and states that she would have difficulty performing sustained work. This, Plaintiff argues, when credited as true results in a disability finding. Finally, the Plaintiff argues that the Commissioner has not offered any specific reason how Plaintiff failed to meet the Listing 12.04 ©, nor responded to Dr. Johnson's conclusion that

Plaintiff could not perform sustained work. Dkt. No. 21.

The Commissioner believes another hearing is necessary to have Dr. Johnson clarify his opinion testimony which stated that the Plaintiff could "perform simple, repetitive tasks, and would require a job that did not involve a lot of interaction with co-workers or supervisors. Dkt. No 20. The Court has reviewed the testimony of the Dr. Johnson. He clearly states that the Plaintiff meets the Listing with a diagnosis of Bi-polar Disease and Post Traumatic Stress Disorder, 12.04 and 12.06, respectively. Tr. 450. While Dr. Johnson did state that the Plaintiff was able to perform simple, repetitive tasks and would not be able to work in an environment with the general public and needs more isolation and minimal interaction, he stated her *primary* problem would be an ability to "persist." Tr. 453-454. He concluded, "she would have difficulty completing a normal work week and workday, keep up with the pace that is required for *whatever the job task is.*" Tr. 454. (Emphasis added). These words do not give rise to unresolved issues on disability, but rather show Dr. Johnson's deductive reasoning that should have led the ALJ to find disability. According, the Court finds that there are no unresolved issues requiring a sentence six remand, thus, a sentence four remand is appropriate. The undersigned recommends reversal for an award of benefits under Smolen, 80 F.3d 1292.

## VI. CONCLUSION

This court finds that the Commissioner committed legal error and her decision is not supported by substantial evidence. Based on the record evidence, the undersigned recommends that the matter be reversed and an award of benefits be ordered.

DATED this day the 26, October , 2005.

_____
Monica J. Benton
United States Magistrate Judge